UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MIKAELA HALL

        Defendant.

_____/

No. 1:22-cr-142

Hon. Robert J. Jonker
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between MIKAELA HALL and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty.** Defendant agrees to plead guilty to Counts 1-6 of the Information. Count 1 charges Defendant with conspiracy to introduce misbranded prescription drugs into interstate commerce, in violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1). Counts 2-6 charge Defendant with the introduction of misbranded prescription drugs into interstate commerce, in violation of Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1) and Title 18, United States Code, Section 2.

2. **Plea to Information.** Defendant acknowledges that she is pleading guilty to misdemeanor offenses and is thus not entitled to presentment of her case to a grand jury. Instead, Defendant agrees to plead guilty to the Information, charging her with conspiracy to introduce misbranded prescription drugs into interstate

commerce, in violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1) and introduction of misbranded prescription drugs into interstate commerce, in violation of Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a).

    3.    <u>Defendant Understands the Crimes</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1), the following must be true:

- Defendant agreed with one or more persons to commit the crime of introducing or causing the introduction of misbranded prescription drugs into interstate commerce;
- Defendant knowingly and voluntarily joined the conspiracy; and
- A member of the conspiracy committed an overt act in furtherance of the conspiracy.

Likewise, in order for Defendant to be guilty of violating Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1), the following must be true:

- Defendant introduced or caused to be introduced into interstate commerce a drug;
- The drug introduced or caused to be introduced by Defendant was adulterated or misbranded; and
- A prescription drug is misbranded if it is dispensed without a written prescription of a practitioner licensed by law to administer such drugs.

If convicted as an aider and abettor, the following must be true:

- Defendant helped to commit the crime of introduction of misbranded drugs into interstate commerce or encouraged someone else to commit the crime; and
- Defendant intended to help commit or encourage the crime.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

4. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for each of Counts 1-6 of the Information is the following: 1 years of imprisonment; a 1-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $25. Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

5. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

In or about February 2020, Defendant's boyfriend, Taylor McLaughlin, approached her with a purported business opportunity that he had received from a fellow bodybuilder via Instagram. The opportunity offered Defendant and McLaughlin a chance to make money by redistributing prescription drugs

manufactured overseas by companies not approved to distribute them in the United States. Once manufactured, the drugs were shipped into the United States illegally and without requiring the customer to provide a prescription. The drugs redistributed as part of the scheme were primarily used for bodybuilding purposes. Defendant agreed to participate in the scheme.

Over the course of the ensuing months, Defendant and McLaughlin received packages of prescription drugs both from overseas locations, including Singapore and Germany, and later, from other co-conspirators in the United States. Defendant and McLaughlin then repackaged the drugs they received inside United States Postal Service shipping boxes and mailers and sent them to other co-conspirators throughout the United States, including Jeremy Walenty in Tampa, Florida and Brenden Gagne in Colorado Springs, Colorado. Defendant and McLaughlin received instructions on where and how to send the packages of prescription drugs from an individual they knew as "Aria," who communicated with them via Proton Mail, an encrypted email application, and via Wikr, an encrypted messaging application. They also received instructions via email from an individual using the email address ASantino@protonmail.com In exchange for their participation in the scheme, Defendant and McLaughlin received payment in the form of Bitcoin, which was deposited into a Coinbase account that Defendant created for that purpose.

Specifically, as part of their participation in the scheme, Defendant and McLaughlin caused the following drugs to be introduced into interstate commerce from in or around the area of Muskegon, Michigan to the destinations listed below.

4

Defendant specifically admits that she mailed the packages below herself on the dates indicated. Defendant further admits that the scheme to distribute drugs in this manner involved fraud and, finally, that she knew the packages contained prescription drugs that originated overseas and were dispensed without a written prescription:

| Count | Date | Recipient | Misbranded Prescription Drug – Trade Name | Misbranded Prescription Drug – Product Name | Intended Destination |
|---|---|---|---|---|---|
| 2 | 7/24/2020 | K.W. | Cytotam | Tamoxifen Citrate | Wilmington, NC |
| 3 | 7/27/2020 | N.D. | Arimimed | Anastrozole | Port Jefferson Station, NY |
| 4 | 9/29/2020 | K.S. | Modvigil | Modafinil | Holly Springs, NC |
| 5 | 10/16/2020 | C.P. | Vilitra | Vardenafil | Atlanta, GA |
| 6 | 10/16/2020 | J.B. | Tamoxifen | Tamoxifen Citrate | West Hollywood, CA |

7. <u>Cooperation in Criminal Investigations.</u> Defendant agrees to fully cooperate with the United States Postal Inspection Service, the Food and Drug Administration, the Michigan State Police, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Information, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which she is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant

tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of her cooperation with the United States. Defendant will submit to polygraph examinations upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>Non-Prosecution Agreement</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of the investigation into

the illegal smuggling of misbranded prescription drugs into the United States through the websites www.ExpressPCT.com and/or www.ExpressPEDS.ws, provided that the conduct is disclosed to the United States by Defendant or her attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity she has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

10. <u>Protection for Proffered Statements</u>. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffers, and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the United States to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffers. It is expressly understood, however, that such information may be used by the United States at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

11. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference

7

to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

12. <u>Possibility of Sentence Reduction Motions.</u> The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the United States in the investigation or prosecution of others. Defendant further understands that the Government will consider the benefits already conferred upon Defendant, including the decision not to charge Defendant with additional felony offenses for her role in the conspiracy outlined herein, in determining whether to file such a motion. The determination of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise by the United States to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the Government, would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance. Defendant acknowledges and agrees that she may not appeal

the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

13. **The Sentencing Guidelines.** Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

14. **There is No Agreement About the Final Sentencing Guidelines Range.** Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

15. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against Defendant.

    d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

16. <u>Waiver of Other Rights</u>.

    a.   <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, including not seeking felony charges against Defendant, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.   <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i.   Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        ii.   Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        iii.   the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

        iv.   Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

        v.   the guilty plea was involuntary or unknowing;

        vi.   an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

17. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. <u>The Court is not a Party to this Agreement.</u> Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty pleas, and she will remain bound to fulfill all of her obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

19. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

20. <u>Consequences of Breach.</u> If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing,

12

the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

21. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

22. **Deadline for Acceptance of Agreement.** If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **10/14/2022**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

MARK A. TOTTEN
United States Attorney

10/17/22
Date

STEPHANIE M. CAROWAN
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

10/14/2022
Date

MIKAELA HALL
Defendant

I am MIKAELA HALL's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/14/2022
Date

SEAN TILTON
Attorney for Defendant

14