UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

MIKAELA HALL,

          Defendant.
_____/

No. 1:22-cr-00142-SJB

HON. SALLY J. BERENS
United States Magistrate Judge

## UNITED STATES' MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5K1.1

More than a year prior to indictment in this case, investigators executed a search warrant at the Muskegon home of Defendant Mikaela Hall and her boyfriend, Taylor McLaughlin. Inside, investigators found evidence tying both Hall and McLaughlin to a scheme to import unapproved, misbranded prescription drugs into the United States illegally.

At the time of the warrant, Hall agreed to speak to investigators and willingly provided law enforcement with information about the scheme. Given that she was involved in the daily operation of the scheme, Hall was able to provide law enforcement with numerous details about the structure of the scheme, how she and McLaughlin received instructions from co-conspirators, and how they were paid. Hall and McLaughlin also voluntarily forfeited the Bitcoin they earned for their participation in the scheme. Since that time, Hall has continued to cooperate with investigators, including testifying under oath. Therefore, pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G."), the United States hereby

1

moves this Court to depart downward from Hall's calculated Guideline range by two levels based on his substantial assistance.

Upon the government's motion for a downward departure under § 5K1.1, the Court may depart from the Guidelines if Hall has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. The Court may consider, among other relevant factors, the following:

1. The significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2. The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

3. The nature and extent of the defendant's assistance;

4. Any injury suffered or any danger or risk of injury to the defendant or the defendant's family resulting from the defendant's assistance; and

5. The timeliness of the defendant's assistance.

*See* U.S.S.G. § 5K1.1(a).

Here, Hall assistance was substantial. She and McLaughlin were the first cooperators in the overall investigation, and she has continued to cooperate for more than two years. Her information was extremely useful in moving the case forward. She was also able to provide investigators with emails that she received from a person later identified as one of the leaders of the scheme, co-conspirator Brendon Gagne. In the emails, Gagne instructed Hall how to fulfill customer orders placed through www.ExpressPCT.com. Hall also told investigators how she opened a Coinbase

account to accept payment in Bitcoin for her and McLaughlin's participation in the scheme.

Ultimately, Hall proffered with the government on multiple occasions before she was charged and continued to cooperate through the remainder of the investigation and indictment. Investigators found her statements truthful and useful as part of the overall investigation. Hall also provided sworn testimony under oath. Overall, Hall provided substantial assistance to the government in its investigation into drug smuggling via www.ExpressPCT.com. Her information not only confirmed information previously known to investigators but also provided additional, unknown details about the conspiracy.

Ultimately, the United States believes that Hall has substantially assisted law enforcement's investigation of other persons. The United States therefore believes that a two-level downward departure under U.S.S.G. § 5K1.1(a) is warranted and recommends that the Court grant the requested departure.[1]

        Respectfully submitted,

        MARK A. TOTTEN
        United States Attorney

Date: March 20, 2023        */s/ Stephanie M. Carowan*
        STEPHANIE M. CAROWAN
        Assistant United States Attorney
        P.O. Box 208
        Grand Rapids, Michigan 49501
        (616) 456-2404

---

[1] The United States is moving for a two-level departure rather than making a more substantial request in part because Hall has already received consideration from the government in being able to plead guilty to misdemeanor offenses rather than felonies.